REMI T. DE CASTRO, Plaintiff-Appellee

v.

BANK OF HAWAII, et al., Defendants-Appellants

Civil No. 76-27A

District Court of Guam

Appellate Division

February 13, 1978

479

Before DUENAS and THOMPSON, *District Judges*, and
BURNETT, *Designated Judge*

THOMPSON, *District Judge*

OPINION

In June, 1973, appellee, Remi De Castro, executed a continuing guaranty, binding himself to pay all indebtedness of FNSP, a corporation, to appellant, the Bank of Hawaii. On April 12, 1976, as a result of FNSP's failure to repay a loan, a judgment was entered against FNSP in favor of the Bank of Hawaii for $5,628.82. No part of that judgment had been paid as of June 3, 1976, when De Castro presented for collection to the Bank of Hawaii a check drawn to his order in the amount of $1,500.00. A teller, in verifying that the drawer's account contained sufficient funds to cover the check, learned that appellee had guaranteed FNSP's debt to the bank. The bank then applied the $1,500.00 to the debt.

De Castro brought an action in the Superior Court, alleging that the application of the check to the debt constituted conversion, and moved for partial summary judgment. The Superior Court, finding no legal justification for the bank's action, granted this motion. The court held that the language of the surety agreement barred the bank from . applying money of the borrower to its guaranteed indebted-

ness, and that the action of the bank was not justified under the banker's lien of Guam Civil Code § 3054. For the reasons set forth below, we reverse the decision of the Superior Court.

Two issues are presented on appeal. The first concerns the proper construction of the following sentence within the guaranty instrument:

You [the bank] are authorized to apply against indebtedness of the Borrower other than that guaranteed hereby any monies of Borrower paid or available to you.

Appellee urges the court to construe this sentence to mean that the bank may not apply funds to indebtedness of the borrower guaranteed by appellee. Appellant, on the other hand, contends that the sentence gives it the option to credit funds of the borrower either to his guaranteed debts or to other debts that are not guaranteed.[1] The Superior Court, stating that the language of the clause is clear on its face and that the agreement must be strictly construed against the bank, accepted appellee's construction and held that the bank's action in taking the check was tortious.

■ This court does not find that the language of the sentence is clear on its face. The instrument is poorly drafted since, depending upon the emphasis given to the words of the sentence, either of the constructions urged by appellee or appellant could be understood. Thus the court must interpret these words so as to resolve the ambiguity and give effect to what it believes was the intention of the parties when the contract was entered. 4 Williston On Contracts § 618 (3rd ed. 1961).

In resolving this ambiguity, the context in which the

---

[1] The effect of such a provision would be to avoid that principle of suretyship law whereby the guarantor is relieved of liability to the bank as to any funds of the borrower that come into the bank's possession and are not applied by it to the guaranteed indebtedness.

sentence appears must be considered. The clause cannot be taken alone, but must be examined "along with all the other words by which it is surrounded; also along with . . . the nature of the business in hand, the purposes of the parties to the transaction, and the other relevant circumstances." 3 Corbin On Contracts § 549 (1960).

Disproportionate emphasis upon a single provision does not serve the purpose of interpretation. Words, phrases and clauses are not to be isolated but related to the context and the contractual scheme as a whole, and given the meaning that comports with the probable intention. *Mantell v. International Plastic Harmonica Corp.*, 141 N.J.Eq. 379, 55 A.2d 250 (1947).

Considering the guaranty instrument as a whole, it becomes apparent that De Castro's construction of the sentence makes no sense. His construction denies to the bank its right to apply funds of the borrower to the guaranteed debt. This takes away much of the bank's ability to collect on the debt in case of default; it also, in most circumstances, would work to the disadvantage of the guarantor, since the bank would not be able to apply funds of the borrower to its guaranteed indebtedness and relieve the guarantor of liability to that extent.

Moreover, the position of the clause within the instrument is also a relevant consideration. Assuming, arguendo, that appellee's construction of the sentence is correct, then the character of the sentence is entirely different from that of all others within the paragraph. With the exception of the sentence in question, which is the last one in the paragraph, this long paragraph contains only provisions which are advantageous to the bank. It does not seem plausible that a provision, which grants a significant advantage to the borrower, would be tacked on at the end of a paragraph which enumerates various important rights of the bank. This seems especially true since the instrument here is a form document prepared by the bank.

Therefore, the court does not find it reasonable for De Castro, under these circumstances, to have given the sentence in question the meaning he claims he understood. The interpretation urged by the bank appears to be the most reasonable, and that meaning is the one to which legal effect can justly be given. We thus hold that the clause under consideration was intended to enable the bank to apply funds of the borrower to debts other than those guaranteed by De Castro, and avoid relieving De Castro of liability to the bank to the extent of the funds applied to these other debts.

■ Appellee urges this court to adopt his construction of the sentence because of the doctrine of contra proferentem. This is the rule that, when there is doubt as to which of several possible meanings is to be given to the words of a contract, the words should be construed most strongly against the party who chose them. However, this doctrine is invoked only as a last resort after all ordinary interpretative guides have been exhausted and two or more reasonable interpretations of the language in question remain. *Hurd v. Illinois*, 136 F.Supp. 125, 134 (N.D. Ill. 1955); 3 Corbin On Contracts § 559 (1960). Since appellee's construction of the language in question is not reasonable in the context of the present contract, and since other interpretative guides lead to the conclusion that appellant's construction of the phrase is correct, it is not appropriate for the court to apply the rule of contra proferentem.

The second issue on appeal concerns the Superior Court's holding that the bank's action was not justified under Guam Civil Code § 3054. The court found that the statutory banker's lien does not apply in this case since De Castro was neither a "customer" nor a "depositor" of the bank. We hold, however, that in the circumstances of this case, the word "customer" in § 3054 applies to the appellee, and therefore the action of the bank was justified.

■ De Castro became a "customer" of the bank when he induced it to extend credit to FNSP by offering to guarantee its loans to FNSP. A direct commercial relationship was thus created between them. Moreover, when FNSP defaulted on its loan, De Castro, as guarantor, became a debtor of the bank to the amount of FNSP's obligation. *Melander v. Western Natl. Bank*, 21 Cal.App. 462, 468, 132 P. 265 (1913). Thus, on June 3, 1976, when appellee presented the check to the bank for collection, he was both a guarantor of the debts of one of its borrowers, and a debtor of the bank.

Under these circumstances the court finds that appellee is a "customer" under Guam Civil Code § 3054. The purpose of § 3054, to enable banks to collect on debts in default, is more readily served by allowing this flexible and reasonable interpretation of the word "customer."

Therefore it is ordered that the decision of the Superior Court is reversed and that judgment be entered for appellant.